This case, which is Francis J. Puleo et al. versus Chase Bank. May it please the Court, Michael Quirk for Appellants Francis and Trish Puleo. With the Court's permission, I would like to reserve three minutes of my time for rebuttal. That's granted. The issue presented on this appeal is whether an arbitrator or a court decides the validity of a contract term prohibiting class actions in a case governed by the Federal Arbitration Act and a broadly written arbitration clause. Counsel, can I ask you a practical question as to, I mean, granted we would be deciding an issue of law, but from your case standpoint, why does this really matter? If it's governed by the 3A rules, isn't it pretty clear that the judge here isn't going to direct the arbitrator to decide this issue? Well, the 3A rules in the policy statement permit an arbitrator to decide this issue if directed by a court. Right, but isn't it pretty clear that this court is probably not going to direct the arbitrator to decide that? I think it's anything but clear in light of both the Supreme Court and this Court's decisions applying the FAA generally and in light of the specific arbitration clause terms at issue in the case. With regard to the Federal Arbitration Act, the Supreme Court said in the Housen v. Dean Witter Reynolds case that the scope, the range of issues of arbitrability that a court decides under the FAA is limited, that these issues include whether the parties are bound by an arbitration agreement and whether an arbitration agreement applies to a particular claim. What this court said in the certain underwriters case, synthesizing Housen and Basil, was that only when there is a question regarding whether the parties should be arbitrating at all does the court decide the issue. And that's not a question in this case. It's been conceded from the outset that arbitration is appropriate, correct? Correct. And so the only issue between the parties is what kind of arbitration will take place, individual or class-wide. And what the Supreme Court said in Greentree v. Basil was that is not a question of arbitrability. It's a procedural question concerning what type of arbitration and an arbitrator is well-situated to make that determination. Well, you characterize it as procedural, but in fact the district court characterized it as a gateway issue, that is whether or not you can proceed in the form of a class action. And he clearly said that under Pennsylvania law, class actions or a class action waiver in an agreement such as this is not unconscionable. Isn't that binding on you and the arbitrator? Well, I mean, that's in part why we're appealing, because we think that the district court was wrong on both points, but it's the first point that we're appealing on, the question of who decides this. Of course, this was in the arbitration provision. Correct. Of the agreement. Correct. And I guess, but for the severability provision, you would have, you know, put that to the side, you would have a real problem in arguing that this wasn't an issue as to arbitration, wouldn't you, because it's within the arbitration provision of the agreement? Well, I would say yes for a different reason. Well, it's a term and condition of arbitration, whether it's under the heading arbitration or not in that sense, because it's a question of how arbitration is going to go forward. But that question was true in Greentree versus Basel as well. The dispute over whether the parties could proceed on a class-wide basis in Greentree versus Basel turned on the terms of the arbitration clause. And what the Supreme Court said was, although it does turn on the terms of the arbitration clause, since it's not a dispute over whether we should be arbitrating at all, it's a dispute over how we should be arbitrating, the FAA reserves that for the arbitrator. And so that's the sense in which this case is really, it presents the same type of question as Basel and should. So you would say that the district court just relied on exactly the wrong case? Correct. And in that sense, I mean, the district court's error that we're appealing from is, we submit that it failed to follow Greentree versus Basel as to the line of authority between courts and arbitrators. Did you argue the severability before the district court? Because that, to me, might make a difference. Was that brought to the court's attention that because it's a severability clause, the invalidity of one should not control the other? I believe that we did, Your Honor. The arguments that we made to the district court were largely the arguments that we made in our briefing here, and that there was a dispute over whether this class action prohibition is somehow integral to the arbitration clause. And our position on that has been that with the severability clause saying that the invalidation of any one provision, the rest of the arbitration clause survives, was one of the reasons to reject the argument that this might somehow be integral. Although the court didn't mention that issue at all in its footnote. That's correct, as I understand it. And so, I mean, and really that's the, we submit the key error of law that the court made was applying the FAA and determining the bounds between a court and an arbitrator's authority. Now, Greentree versus Basel has, I think, two related sets of reasons for reaching the result that it did. The first is that it looked at the type of dispute, whether arbitration will be individual or class-wide, and said that's not a question of arbitrability. It also said that that's a question that's covered by the explicit terms of Greentree's arbitration clause. It looked at the language of Greentree's arbitration clause, which covered all disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract. Unlike the agreement in this case, the Greentree case and the certain underwriter's case were very vague, it seems to me, and in fact, silent on the question of class action arbitrability. Well, that's right. Now, that's unlike this case, which has a very specific provision. Correct. My question is, do you have a case or can you point to a case where a very specific provision like this one has been determined to be, has been determined not to be a gateway issue? I can't, Your Honor, because the issue doesn't seem to have been argued to courts in very many cases. We went back and looked at the question. You're basically asking us to break new ground. It's break new ground on a question that courts by and large have not previously addressed. When this Court previously looked at the validity of class action waivers in cases like HOMA versus American Express earlier this year, or gay versus credit inform, the parties appeared to be arguing that the presence of a class action waiver was one of, was one of several bases for invalidating an entire arbitration clause. And what happened was the plaintiffs framed their argument that way, that the presence of the class action waiver invalidates the arbitration clause. And the defendants, instead of saying no, the validity of the class action waiver is for the arbitrator, they urged the Court to enforce the class action waiver. And so the parties agreed to put the question to the Court by the way they framed their arguments. So what you want us to do is to determine that the district court improperly considered the class action waiver and its conscionability or unconscionability? And you want us to send this back to the district court to then refer that issue to the arbitrator? That's correct. And the reason for that result is because we made a different argument than the plaintiffs made in this Court's other cases. I can't help being a little curious about your wanting the arbitrator to decide an issue like this. It seems unusual as a plaintiff to want the arbitrator to decide such an important question. Couldn't you? I mean, you could have appealed the merits of the district court's decision, couldn't you? Correct. And the district judge determined that these waivers are not unconscionable. You could have appealed that, but instead you want us to send it back to the district court to then rule on the class action waiver issue. That's correct, Your Honor. And to clarify, and we did make both arguments. And where the arbitrator might, under the rules, not be willing to decide that issue unless directed by the court. All right. And so in that sense, the district court's order that we're seeking is necessary to get the relief that we would want in arbitration. But to answer the question, why are we seeking this, it seems to me that as these cases have evolved over the past 10 or 12 years, the question of whether parties can have arbitration and whether parties can have or prohibit class actions were conflated. And the litigating parties seem to have treated them as one and the same. And as a result, it became harder to challenge a class action waiver when, as part of this, you're also challenging a requirement of arbitration, which is generally permitted by a federal statute. And there's nothing compelling the conflation of those two things. They're separate questions. And Greentree versus Basel is what makes clear. There's nothing stopping an arbitrator from addressing class action issues, particularly under a broadly written arbitration clause like was before the Supreme Court in Basel and like is the case here, where the court defines the range of arbitrable claims to have the broadest meaning possible. And so in that sense, we feel like there's no basis to conflate these two issues. And the real gripe we have is not with the arbitration forum that the contract designates. It gives us the option to go to the American Arbitration Association, which is the – we have no gripe with that. The difficulty this contract creates is over whether or not we can have a class action in that forum. So you brought a class action, correct? That's correct. You brought a class action. And the issue is whether that class action is arbitrable. The issue is whether or not the contract provision prohibiting us from arbitrating that is enforceable. And so – and in that sense, because it's a question over is this provision directing individual arbitration enforceable or not, creating the difference between individual and class arbitration. And that's the type of question that the Supreme Court said an arbitrator can and is presumed to decide under the FAA. Although in Basel, the court said, did it not, that it was an issue of contract interpretation. That's correct. I see that my time has run out. Just if you would answer that and if any other questions. This is not a question of contract interpretation. This is a question of contract validity. But what hangs in the balance in both cases is what type of arbitration will take place. And so in that sense, we submit that it's a distinction without a legally significant difference. The law on the validity of class action waivers is pretty well settled in the Third Circuit. I guess you would agree with that. I think that the HOMA decision goes a long way towards settling it that it's a matter of. But we have determined that these provisions are not unconscionable. Well, in the HOMA v. American Express case from earlier this year, the court determined that in a small value claim case, it likely was unconscionable. And that's consistent with New Jersey Supreme Court and Pennsylvania appellate law. What about Pennsylvania laws? The issue settled in Pennsylvania so that an arbitrator would make really no different decision than what the district judge made? As a matter of Pennsylvania law, the Pennsylvania Superior Court in the Thibodeau v. Comcast case held that a provision prohibiting class actions for small value consumer claims is unconscionable. That is what we submit as the law of Pennsylvania that applies to this case. So you get a better decision if you go to the arbitrator? We submit that. We would hope you would. We suspect we would get the same decision. But there's nothing stopping us from asking an arbitrator. Thank you. All right. Thank you. We'll hear from you on rebuttal. Good morning, Your Honors. Nancy Thomas, counsel Jeff Saltz, representing Chase Bank. And I want to start where Pellon's counsel ended, which is they contend that there's, and they agree, that there's no issue of contract interpretation here. Rather, it is an issue of contract validity. And that's exactly why this is an issue of arbitrability for the court to decide. Well, wait. If it is an issue of validity, then it really isn't an issue of arbitrability. We have a concession that this dispute is arbitrable. So there is no gateway issue. Where it is arbitrable, it should go to the arbitration. It just happens under the facts of a lot of other cases. The other issue was contract interpretation. Here it happens to be the how do we proceed issue. And, Your Honor, I disagree with that. The question here is whether or not the arbitration agreement is enforceable. The issue here is that the plaintiffs have challenged the class waiver. And under very settled Third Circuit law, unconscionability is a two-step analysis. The first step is, are the specific challenged provisions unconscionable? And if they are, the second step is, are they severable or are they so central to the agreement that they cannot be severed? And the issue is that the entire agreement is unenforceable and there will be no arbitration. So going back to the Lloyds of London case, the key question here, it is an issue of arbitrability, which means it's an issue for the court to decide if there's a question about whether we should be arbitrating at all. But you're just characterizing the issue differently. Mr. Quirk says this is a procedural issue. In other words, how do I go to arbitration, as an individual or as a class? If you characterize it as a procedural issue, he's got to be right that that's for the arbitrate. Right. And that's why two responses, Your Honor. The first one is, it is not a procedural issue. The parties have agreed. It's very clear here that class arbitration is prohibited and that the procedure that arbitration will proceed is an individual matter. There is no procedural question here. But when you say it will proceed in an individual manner, you are putting the you know, you're concluding that it is a matter of procedure, much like in certain underwriters. The issue is, okay, it's arbitrable. Now the issue of how it's going to proceed in arbitration, whether on an individual or not an individual basis, is for the arbitrator. How can you draw that distinction? And, Your Honor, the second point here is that calling something procedural or not is not dispositive of whether it's an issue of arbitrability. Let me give you some examples. In the Perea and Spinetti cases in the Third Circuit, the issues there were procedural. Who is going to pay for the arbitration? Are there preliminary notice requirements? Is there a confidentiality requirement? The plaintiffs in those cases challenged the arbitration agreement on grounds that those procedural issues were unconscionable. And the court found those issues are, you know, the court decided those issues, found they were not severable, so the entire arbitration agreement was unenforceable. All of those you would call procedural issues. So that's why here to call something procedural, therefore it's not an issue of arbitrability, is not a very helpful distinction. Now those cases were decided on severability principles, correct? Well, those cases were decided on unconscionability principles. Unconscionability is a two-step analysis. First, is the individual provision that's challenged unconscionable? Second, if it is, is it so central to the agreement that the court cannot sever it so that the entire agreement is invalid? And the issue here, while the plaintiffs essentially conflate the analysis, they say, go ahead, send this to arbitration. We challenge the express class waiver, but we're fine with class arbitration. Chase absolutely does not agree and argued below that this is, the class waiver is so central to the agreement that it is not severable, so that the issue here is the enforceability of the agreement as a whole. How do we decide that the class waiver is so central to the agreement? And honestly, that issue is not before this court because the appellants have not appealed it. Well, no, no, no, but the issue has to be as part of it because the severability clause here is really very important. I mean, as the Anders case in the 11th Circuit, severability can decide the arbitrability question. And here, it essentially could be argued that it has decided it because the severability means that the concession to arbitration means you're past the gateway issue and the unconscionability of the class action waiver is separate. So why isn't the essentiality, if you will, of the waiver smack dab in front of us? Because, Your Honor, the law in Pennsylvania, and there's a choice of law clause in this agreement that is enforceable and Delaware law applies. Under Delaware law, this is the Tracy case from the Delaware Supreme Court. The issue of severability is an issue of intent. The question is, would the parties, the acid test, is what they say in the Tracy case, the acid test of severability is whether the parties would have entered into this agreement had they known that the specific challenge provision was going to be found to be unenforceable. That is the question of severability. It is a question of fact. And I would point, Your Honors, to the Perea and Spinetti case, third circuit cases applying Pennsylvania law. One of those cases had a severability clause. One of them didn't. And the analysis used to decide severability was exactly the same. I also would point to the Alexander case, where the court looked at an unconscionability challenge. The third circuit found that the provisions were unconscionable and were not severable. And Judge Roth dissented. Judge Roth said, wait a minute. The question of severability is a question of fact. It is a question for the district court to decide in the first instance. And one of the things that Judge Roth pointed to is that the district court should evaluate the implication of the fact that in Alexander there was a severability clause. Well, here the district court didn't mention the word severability. Should we send it back to the district court to do that? No, Your Honor, two reasons. The first is the court didn't have to reach severability because the court found that under Delaware law, the class waiver is enforceable. The second and most important issue, that there's no reason to send it back on that grounds, is the appellants have not appealed that issue. They have not appealed the decision that the agreement, the class waiver is enforceable. So there's no severability. Well, but the district court decided this is an issue of arbitrability. By appealing that, you're in essence appealing the fact that it isn't arbitrability because you've got a severability clause. But the point here is that there is no law that indicates that the presence of a severability clause automatically severs the connection between the enforcement of the class waiver and the enforcement of the agreement as a whole. What about the Anders case? Your Honor, I'm sorry, I'm not familiar with the Anders case, but it's 11th Circuit, it must be Florida. This is a state law question, right? Under the FAA, whether or not there are contract defenses that invalidate a provision or the entire arbitration agreement is a question of state law. And there is no doubt that under Delaware law and Pennsylvania law, Chase admits that Delaware law applies here, but under either law, the question of severability is a question of fact. And there are several cases, the Erie Telecom case is one, cited in our papers where despite the inclusion of a severability clause, the court ruled that the provisions that were unconscionable or illegal were so central that the court couldn't sever them. Well, here there was remedial restrictions on truth in lending claims, and the court said severability determination decides the arbitration question. Because any invalid provisions are severable, the underlying claims are to be arbitrated regardless of the validity of the remedial restrictions. With or without those provisions, the case goes to arbitration. I'll give you the site just for your interest. It's Andrus v. Hometown Mortgage, 346 F. 3rd, 1024. Thank you, Your Honor. What I would look to is what is the state law that that court was looking at in deciding that severability is dispositive? It's definitely not Pennsylvania. It's definitely not Delaware. The fact that there is a severability clause here, and I would go back to this is an equal opportunity issue. In the cases like Perea and Spanetti, the plaintiffs were arguing that because specific clauses in the agreement were unconscionable, the entire agreement was unconscionable. In, I believe it was Perea, there was a severability clause, and in Alexander there were severability clauses, but the court ruled no, under Pennsylvania law, that's not dispositive. We are going to find that these provisions are so central to the agreement that we can't sever. And so as the plaintiffs, the consumers requested there, the court found the entire arbitration agreement was unenforceable. Well, now should this severability be decided by the arbitrator? I mean, it's clear we're in arbitration. There is no dispute about the fact that this case is going to arbitration. Would you agree? No, I would not, Your Honor, because if this court were to find that the class waiver was unconscionable, I would argue it is very clear from the face of the agreement itself that that provision is so central that under Tracy, again, would Chase have entered into this agreement if it wasn't for the prohibition on class action arbitration? No way. So here there is a challenge to the enforceability of the arbitration agreement as a whole. There is an issue here that the class waiver is not severable. But isn't that something that the plaintiff would, I mean they're saying this is arbitrable and you're saying it's arbitrable. No, Your Honor, I disagree. What Chase is saying is that the agreement is arbitrable as written. Under Volt, under the FAA, arbitration agreements are to be enforced as written. And if not, if here the court were to determine that the class waiver was unconscionable, then that has implication. Who's pressing that issue before the court? I'm sorry? Who's pressing that? Who is making that contention before the court? Which contention, Your Honor? That the class action is so central. Chase argued this below, Your Honor. You're urging that, that it's so central, that therefore the whole arbitration provision goes away and you're in court? You're urging that position? Absolutely, Your Honor. That's exactly the position that we took below. All right, so this case will proceed in the district court without arbitration at all? No, Your Honor, because the district court ruled that the class waiver is enforceable, so the parties have to go arbitrate their dispute on an individual basis. I'm not saying the logical result of your argument is that the whole arbitration provision gets thrown out and you're in district court. No, I disagree, Your Honor. Well, who's arguing to the court that it's so essential? It's a two-step argument. The argument is, number one, the plaintiffs challenge the class waiver. Chase argues the class waiver is valid and enforceable under Delaware law, which applies here under a choice of law clause. But in the alternative, if it is not, if the court were to find under this two-step analysis— But doesn't the court have to find it in a fact-intensive way and doesn't somebody have to produce facts to argue that? I mean, the court can't do that out of whole cloth. So I'm saying who's going to be putting forth— I'm talking about district court proceedings. You put on witnesses. Who's going to put on the witnesses saying that the severability is so fact-intensive, I mean, the severability is so key that it throws out the whole arbitration provision? Who's going to put on those witnesses to say that? Your Honor, Chase argued this in the district court. No, no, no, no, no. Are you going to put on witnesses to throw out the entire arbitration provision? Absolutely. And if the—it is Chase's consistent position that if the class waiver— and I actually think it's clear from the face. You have in bold. You have in all caps. It says it three separate places that class arbitration is prohibited. Chase—it's very clear that ACID test under Tracy, under Delaware law, that if the class waiver is not enforced, then the entire arbitration agreement is invalid. Whose burden is it to prove centrality? To prove that it is so central that if you cut out the waiver, you are cutting out the whole arbitration clause. Is that burden on the person who is trying to say it is too central on Chase? Yes, Your Honor, that would be on Chase. But I want to go back to the point here that this issue is not before the court. The issue here is that whenever any party— No, you're arguing. You are— You're saying that that issue was decided by the district court and— They have not appealed it. That's right. The issue here is if either side challenges as unconscionable a provision in the agreement, there is a question of enforceability. Because the court has to decide, number one, is that provision unconscionable? And number two, if it is, is it severable or does it render the entire agreement unenforceable? And for that reason, it's a question of enforceability. Under Buckeye, under Basil, it's very clear that those are questions for the court. I would direct Your Honors to the Amex case from the Second Circuit, which addressed precisely this question in a case where the plaintiffs were amenable to class arbitration, so it's exactly the same as the plaintiffs here. The court analyzed the issue and specifically found, yes, this is an issue for the court. The plaintiffs make arguments about the language of the agreement itself and whether or not that language is so broad as to indicate clear and unmistakable evidence that the parties intended that issue to go to the arbitrator. And here I would argue there's nothing in the agreement that indicates that. In fact, if the court were to find that the language of the agreement requires that this be decided by an arbitrator, then any time a consumer challenged the class waiver, and unlike plaintiffs argued that the entire agreement was therefore unenforceable, they would have to go to the arbitrator in the first instance to make that argument. Ms. Thomas, I can see why the plaintiffs would prefer to proceed by class action. Does the credit card agreement discuss who bears the expense of arbitration? It does, Your Honor. I think what it provides is that Chase pays for the first day of arbitration fees and then after that the fees are divided. But it also provides that the arbitrator can order otherwise, and the plaintiffs have not challenged the fee provisions as being unconscionable or being unenforceable in this agreement. I see that my time is up. Thank you very much, Your Honors. Okay. If I could start with the housekeeping matter. Although our district court briefing is not in the record, Chase's district court briefing is, and the record at page A126 makes reference to the fact that we did argue that the severability clause is one of the reasons that this is a question for the arbitrator. Is that in your brief on appeal? Yes. On pages 7 and 8 in our statement of facts, we quote and highlight the severability clause as a key provision. And there's a crucial point on which I think I agree with Ms. Thomas, which is that there is a question of intent here as to whether the class action waiver is central to the arbitration clause or not. And to try to answer Judge Roth's question, whoever bears the burden of proof on centrality, it's answered by the terms of the arbitration clause itself, which says, page A63 of the record, if any portion of this arbitration agreement is deemed invalid or unenforceable, the remaining portions shall nevertheless remain in force. That's the evidence that no add-on provision to the arbitration agreement is central. And so if somehow plaintiffs did bear the burden of proving Chase's intent in drafting this provision, we submit that the severability clause would satisfy our burden. If you had your druthers, would you rather be in district court or in arbitration? We would rather be in arbitration with a class action, with the possibility of bringing a class action, with the possibility of challenging this provision. Because it sounds to me like maybe you could show centrality and throw out severability and throw out the whole arbitration and have your class action in district court. I don't know. I'm not sure that we can show centrality when, one, there is this – It sounds like Chase is going to prove it. Well, I don't know how they can prove – I mean, if you're not going to and they're saying it's going to be shown, somebody's got to prove it. Really, it's not just the severability provision, and it's not just Greentree versus Basel, which looked at a very similar question. It's also the other terms of the arbitration clause, which provides that any claim arising from or relating in any way to this card member agreement, the class action waiver is part of the agreement. You know, the other thing that occurred to me, excuse me, counsel, but the clause itself doesn't include the word waiver, I don't think. It talks about an option on either party to be able to proceed on an individual basis, which is something I've never seen before. But it almost says, well, we're entering into this, and if either of us prefers to go on an individual basis, the other says, that's fine. So it is a waiver, but waivers are strictly construed, et cetera, et cetera. You know, this class action waiver is more like almost a gentleman's agreement that, you know, if one side or the other prefer to go it alone, that's, you know, that's agreed upon. I don't know. And to find that unconscionable, I think, would be even more of a stretch than to say a class action waiver. If I can answer that beyond my time limit, I would stress the word in Your Honor's characterization, the word either. It gives Chase a veto power over a consumer's ability to proceed on a class-wide basis. That's the provision that, if allowed to, we would try to persuade an arbitrator is unconscionable, and that's not a question of arbitrability. It's a question of what kind of arbitration proceeding. Thank you, Your Honor. Thank you. The case was well argued. We'll take it under advisement. I ask for the next case to come.